UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   0:22-cv-60599-RAR

NINA MARSZALEK, individually and
as Personal Representative of the Estate of
RADOSLAW O. SKURZYNSKI, Deceased,

        Plaintiff,

vs.

GREGORY TONY, in his official capacity
as Sheriff of Broward County, Florida,
SERGEANT W. WERNE, individually,
DEPUTY A. BARNER; DEPUTY K. BARNES;
DEPUTY CHARLOT; DEPUTY J. FOX;
DEPUTY E.A. LARSEN; DEPUTY J. LUGO;
DEPUTY B.E. PARMENTER; DEPUTY G. POWELL;
DEPUTY X.L. RELIFORD; and
UNKNOWN DEPUTIES, each in their individual
Capacities acting as Broward County Sheriff's Deputies,

        Defendants.
_____/

## DEFENDANTS' OBJECTION AND APPEAL OF MAGISTRATE JUDGE'S DISCOVERY ORDER [DE 44]

Defendants, GREGORY TONY, in his official capacity as Sheriff of Broward County (BSO), SERGEANT W. WERNE, individually, DEPUTY K. BARNES, DEPUTY CHARLOT, DEPUTY J. FOX, DEPUTY E.A. LARSEN, DEPUTY J. LUGO, DEPUTY B.E. PARMENTER, DEPUTY G. POWELL, and DEPUTY X.L. RELIFORD, by and through their undersigned attorneys, and pursuant to S.D. Fla. L.R. 4(a)(1), Magistrate Judge Rules, object to the December 7, 2022, Discovery Order [DE 44] issued by Magistrate Judge Strauss and appeal the Order [DE 44] to the District Judge, and as grounds state:

## I. Introduction

"The District Judge shall consider the appeal and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." S.D. Fla. L.R. 4(a)(1), Magistrate Judge Rules.

The Magistrate Judge proceeded contrary to controlling law. The Magistrate Judge did not properly consider the work product doctrine or attorney-client privilege violations that would ensure from requiring the attorneys to summarize, support, and explain their thought process in potential future defense strategies not yet asserted. Responses to the interrogatories as written requires the Defendants and their attorneys to explain their legal analysis and conclusions of law. Even if the individual Defendants could respond to these questions, their knowledge would solely be based on conversations with their attorneys.

The Magistrate's Discovery Order clearly fails to uphold the sanctity of the attorney-client-privilege and work product doctrine. But this Court can correct the Magistrate Judge's clear error by overruling the Magistrate's Discovery Order as is relates to interrogatories 5 and 13.

## II. The Discovery Order Erroneously Orders Disclosure of Work Product

Magistrate Judge Strauss' Discovery Order [DE 44] ruled upon Plaintiffs' *Ore Tenus* Motion to Compel. [DE 44 at p. 1]. Defendants object only to the portion of the Magistrate Judge's Order that violates the work product doctrine and attorney client privilege. [DE 44 at ¶ 2]. This appeal directly addresses the Magistrate Judge's clear error in ordering the disclosure of privileged work product.

On May 27, 2022, the Defendants filed a motion to dismiss. [DE 15]. This motion remains pending before the Court. Defendants have not yet filed an answer nor asserted

defenses in this case. Plaintiff propounded discovery on BSO and on each individual Deputy. The interrogatories in question state:

> **INTERROGATORY 5:** Identify each of your contentions and/or opinions relating to the facts, or the application of law to facts, underlying your potential and/or asserted defenses in this case.
>
> **INTERROGATORY 13:** If you contend that you are in any manner immune from liability for the acts alleged in the Complaint, state with particularity all facts supporting any such contention.

In response to these interrogatories the Magistrate Judge ordered that "each defendant must identify the defense(s) he is asserting, at least briefly summarize the facts supporting that defense, and explain why those facts support the asserted defense." [DE 44 at pg. 2]. Such a response would clearly violate the work product doctrine and attorney client privilege.

The work-product doctrine prohibits unwarranted inquiries into the files and opinions of an attorney and "reflects the strong 'public policy underlying the orderly prosecution and defense of legal claims.'" *United Kingdom v. United States,* 238 F.3d 1312, 1321 (11th Cir.2001), quoting *Hickman v. Taylor,* 329 U.S. 495, 509–10 (1947). The rationale for the doctrine is the belief that "the privacy of an attorney's course of preparation is … essential to an orderly working of our system of legal procedure." *Hickman,* at 512. An attorney must be able to prepare cases without fear that his or her work-product, as reflected in "interviews, statements, memoranda, correspondence, briefs, **mental impressions, personal beliefs**, and countless other tangible and intangible ways," will be used by her client's adversaries. *Id.* at 511 (emphasis added).

Similarly, the attorney-client privilege has long been understood to protect from compelled disclosure of confidential communications between a client and their attorney

made for the purpose of obtaining or rendering legal advice. The rationale is to allow the open and honest flow of information between the attorney and their clients in order to allow the attorneys to provide competent legal advice or advocacy for their clients, and "thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). "The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice." *In re Grand Jury Matter No. 91-01386*, 969 F.2d 995, 997 (11th Cir. 1992) (quoting *In re Slaughter*, 694 F.2d 1258, 1260 (11th Cir. 1982)).

Here, the Discovery Order clearly violates both the work-product doctrine and attorney client privilege by requiring the Defendants and their attorneys to disclose the attorneys' mental impressions of the case, analysis of the case, legal advice obtained for the purpose of litigation, opinions and legal interpretation of facts as applied to law. Any responses from the individual Defendants in response to these questions seeking to uncover defense strategy would be a violation of the oldest legal privileges.

### III.   Conclusion and requested relief

Pursuant to S.D. Fla. L.R. 4(a)(1), Magistrate Judge Rules, the Defendants respectfully requests that this Court set aside that portion of the Discovery Order [DE 44] granting Plaintiffs' *Ore Tenus* motion to compel requiring the individual Defendants to explaining their defense strategy and legal interpretations in violation of work product doctrine and attorney-client privilege for the reasons detailed in this objection and appeal.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of December 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non-CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, P.A.
***Attorneys for Defendants***
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Tel: (954) 463-0100
Fax: (954) 463-2444

*/s/Michael R. Piper*
Michael R. Piper
Florida Bar No. 710105

*/s/Christopher J. Stearns*
Christopher J. Stearns
Florida Bar No. 557870

*/s/Selena A. Gibson*
SELENA A. GIBSON
Florida Bar No.: 299325

## SERVICE LIST

**ROBERTO D. STANZIALE, ESQ.**
Roberto D. Stanziale, P.A.
*Attorneys for Plaintiffs*
110 Southeast 6th Street, 7th Floor
Fort Lauderdale, FL 33301
Tel: 954.763.7909
rdstanzlaw@gmail.com

---

**MICHAEL R. PIPER, ESQ.**
JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, PA
*Attorneys for Defendants*
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Tel: (954) 463-0100
Fax: (954) 463-2444
piper@jambg.com
cintron@jambg.com
andrews@jambg.com

**CHRISTOPHER J. STEARNS, ESQ.**
JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, PA
*Attorneys for Defendants*
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Tel: (954) 463-0100
Fax: (954) 463-2444
stearns@jambg.com
young@jambg.com

**SELENA A. GIBSON, ESQ.**
JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, PA
*Attorneys for Defendants*
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Tel: (954) 463-0100
Fax: (954) 463-2444
gibson@jambg.com
cardona@jambg.com