UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-CV-60599/RAR

NINA MARSZALEK, individually and
as Personal Representative of the Estate of
RADOSLAW O. SKURZYNSKI, Deceased,

    *Plaintiffs,*

vs.

GREGORY TONY, in his official capacity
as Sheriff of Broward County, Florida,
SERGEANT W. WERNE, individually,
DEPUTY K. BARNES, DEPUTY CHARLOT,
DEPUTY J. FOX, DEPUTY E. A. LARSEN,
DEPUTY J. LUGO, DEPUTY B. E. PERMENTER,
DEPUTY G. POWELL, DEPUTY X. L. RELIFORD,
and UNKNOWN DEPUTIES, each in their individual
capacities as Broward County Sheriff's Deputies,

    *Defendants*,
_____/

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' OBJECTION AND APPEAL OF MAGISTRATE JUDGE'S DISCOVERY ORDER

Plaintiff opposes Defendants' Objection and Appeal of Magistrate Judge's Discovery Order [DE 44], which raises matters for the first time on appeal, violating the Rules of Discovery and the Discovery Procedures Order [DE 20], the preservation requirement, and decisional law, and shows:

1. Plaintiff served each of the Defendants with Plaintiff's First Set of Interrogatories.

2. Though Interrogatories 5 and 13 request the "facts" Defendants rely upon to support their putative defenses, including any immunity from liability, the Defendants' Responses refer only to *legal* argument contained in the Defendants' Motion to Dismiss (Composite Exhibit 1).

3. Defendants' Answers to Interrogatories 5 and 13, did not raise any objection at all.

4. After conferring with defense counsel, Plaintiff moved to compel better Answers to Interrogatories 5 and 13, and the Magistrate Judge set a hearing stating, "the parties shall confer,

prepare, and submit a Joint Discovery Status Report ("JSR") addressing the discovery disputes. **The JSR and the discovery hearing shall be limited to the issue identified above."** [DE 38].

5. The JSR did not contain any objection by the Defendants to Interrogatories 5 or 13.

6. Defendants did not raise any objection whatsoever at the December 7, 2022, Discovery Hearing based upon any stated "attorney-client privilege" or "work product doctrine."

7. The U.S. Magistrate Judge entered a Discovery Order providing in pertinent part:

> As to interrogatories 5 and 13, the Motion is granted to extent [named Defendants] shall each specifically respond to the interrogatories and inform the Plaintiff of the defenses they are asserting and the facts underlying those defenses. The named Defendants' responses must be clearly delineated. The named Defendants may point to reports and other documents as permitted by Federal Rule of Civil Procedure 33(d). However, each defendant must identify the defense(s) he is asserting, at least briefly summarize the facts supporting that defense, and explain why those facts support the asserted defense. The named Defendants shall respond by December 16, 2022.

8. But rather than complying with the U.S. Magistrate Judge's Discovery Order, Defendants waited until the last day of the limit to file its Answers to--instead--file an "appeal."

9. Defendants now claim--on appeal--that "[t]he Magistrate's Discovery Order clearly fails to uphold the sanctity of the attorney-client-privilege and work product doctrine" [DE 45 at 2].

10. Defendants thus violated the Rules of Discovery, the Discovery Procedures Order, the preservation requirement, and case authorities, as noted in the ensuing Memorandum of Law.

## MEMORANDUM OF LAW

Rather than complying with the Order of the U.S. Magistrate Judge to make discovery, Defendants waited until the last day for their compliance to raise--for the first time on appeal--an objection claiming that compliance with the U.S. Magistrate's Judge's Discovery Order would violate "the sanctity of the attorney-client-privilege and work product doctrine" [DE 45 at 2]. But Interrogatories 5 and 13--to which Defendants only now object--requested *factual* information:

>INTERROGATORY 5: Identify each of your contentions and/or opinions **relating to the facts, or the application of law to facts**, underlying your potential and/or asserted defenses in this case.
>
>INTERROGATORY 13: If you contend that you are in any manner immune from liability for the acts alleged in the Complaint, state with particularity **all facts supporting any such contention**.

(Composite Exhibit 1) (emphasis added).

Defendants' Responses to both Interrogatory 5 and 13 consisted solely of the following:

>ANSWER: Pursuant to and in specific accordance with the purpose and intent of Fed. Rs. Civ. P. 7(a)(2), 8(b)-(d), and 12(b), Defendant has comprehensively responded to all allegations in the complaint [DE 1] *in his motion to dismiss* [DE 15].

(Composite Exhibit 1) (emphasis added).

Defendants did not object to Interrogatories 5 and 14, which inquired into "facts" [id.], instead referring to *legal* arguments in their Motion to Dismiss, which lacks any allegation of fact, much less an allegation they were "acting within the scope of their discretionary authority when the allegedly wrongful acts occurred"—which lies at the heart of any qualified immunity defense.[1]

Moreover, Defendants cite no law indicating they are entitled to refuse to make discovery based on attorney-client or work product privilege simply because they have elected to interpose a motion to dismiss, rather than an answer meeting the substance and merit of Plaintiff's claims.

---

[1] It is the function performed, not an officer's status, that determines immunity. *Espanola Way Corp. v. Meyerson*, 690 F.2d 827, 829 (11th Cir. 1982); *see also id.* at 830 ("Qualified immunity is an affirmative defense and thus must be asserted by defendants. Aside from affirmatively asserting the defense, defendants must prove that their acts fall within the scope of discretionary authority. This involves a question of fact. A bald assertion that the acts were taken pursuant to the performance of duties and within the scope of duties will not suffice") (citations omitted). "In order to receive qualified immunity, the public official 'must first prove that 'he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.'" *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (citations omitted). "If the defendant was not acting within his discretionary authority, he is ineligible for the benefit of qualified immunity." *Id.*

Though the Discovery Procedures Order required Defendants to "specifically discuss each discovery request and objection at issue" [DE 20 at 4], Defendants never conferred with Plaintiff's counsel concerning objections based on "attorney-client privilege" or "work product doctrine." Defendants thus violated the Discovery Procedures Order [id.].  Nor did the Joint Status Report [DE 39] contain any objection by the Defendants to Interrogatories 5 or 13.  Indeed, Defendants did not raise or discuss any "attorney-client privilege" or "work product doctrine" at the hearing. Instead, despite the mandatory language of the Discovery Procedures Order [DE 20], and the Federal Rules of Civil Procedure [id.], Defendants have filed an "appeal" of an issue never mentioned to the Plaintiff and never raised before the U.S. Magistrate Judge by specific objection. *Cf. Green v. U.S.*, 735 Fed. Appx. 687, 688 (11th Cir. 2018) ("[U]nder our Circuit rules, both parties must object to a magistrate judge's legal conclusions to preserve their right to appeal them.").

In short, (a) Defendants' failure to object based on attorney-client or work product privilege in response to Plaintiff's Interrogatories 5 and 13, (b) Defendants' failure to object on those grounds at the Discovery Hearing, and (c) Defendants' violations of the Rules of Civil Procedure and the Discovery Procedures Order, together, urge the U.S. Magistrate Judge's Order be affirmed.

Respectfully submitted,

**ROBERTO D. STANZIALE, P.A.**
110 S.E. Sixth Street, #1756
Fort Lauderdale, Florida 33301
Telephone: (954) 763-7909
rdstanzlaw@gmail.com

By: */s/ Roberto D. Stanziale*
Roberto D. Stanziale, Esq.
Florida Bar No. 885304

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have electronically filed the foregoing document in the Clerk of Court's CM/ECF system on this 19th day of December 2022, which will make email service upon all upon each of the registered CM/ECF users stated in the attached Service List.

By: */s/ Roberto D. Stanziale*
Roberto D. Stanziale, Esq.
Florida Bar No. 885304

**SERVICE LIST**

**MICHAEL R. PIPER, ESQ.**
JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, PA
*Attorneys for Defendants*
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Tel: (954) 463-0100
Fax: (954) 463-2444
piper@jambg.com
cintron@jambg.com
andrews@jambg.com

**CHRISTOPHER J. STEARNS, ESQ.**
JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, PA
*Attorneys for Defendants*
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Tel: (954) 463-0100
Fax: (954) 463-2444
stearns@jambg.com
young@jambg.com

**SELENA A. GIBSON, ESQ.**
JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, PA
*Attorneys for Defendants*
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Tel: (954) 463-0100
Fax: (954) 463-2444
gibson@jambg.com